Edward J. Toolan, Defendant in Error, v. Chicago Daily News Company, Plaintiff in Error.

Gen. No. 19,512. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY P. DOLAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed with finding of facts. Opinion filed December 22, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Edward J. Toolan, plaintiff, commenced a fourth-class action in the Municipal Court of Chicago to recover damages for personal injuries against the Chicago Daily News Company, a corporation, and S. N. Pierson, Henry Pierson and Charles B. Pierson, trading as S. N. Pierson & Sons, defendants. The joint appearance of all the defendants was entered and the cause submitted to the court for trial without a jury. At the close of the plaintiff's evidence the suit was dismissed as to the three Piersons and the trial proceeded against the News Company as sole defendant. At the close of all the evidence the court found the News Company guilty as charged, and assessed plaintiff's damages at one hundred dollars in tort. After overruling a motion for new trial, the court entered judgment on the finding against the News Company and the defendant brought error.

MATZ, FISHER & BOYDEN, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

### Abstract of the Decision.

1.  MASTER AND SERVANT, § 838*—*when master liable to third person for servant's negligence.* A master is the person who has the choice, control and direction of the servant, and such master is liable to strangers for the negligence of his servant unless he abandons control to another who hires the servant.

2.  MASTER AND SERVANT, § 867*—*when evidence insufficient to show liability of master to third person.* In an action by a driver of a vehicle for injuries sustained in a collision, where it appeared that the defendant, a newspaper company, leased the wagon which caused the injury under an arrangement whereby the driver of the wagon was paid by the lessor, who was reimbursed by defendant;

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

but such wagon was also used by another newspaper company, the defendant in turn being reimbursed for such use; and at the time of the collision the wagon was being used by the other newspaper company instead of the defendant, a finding that the relation of master and servant existed between the defendant and the driver of the wagon at the time of the collision was not justified by the evidence.